263 F.Supp.2d 58 (2003)
Elouise Pepion COBELL, et al., Plaintiffs,
v.
Gale A. NORTON, Secretary of the Interior, et al., Defendants.
No. CIV.A. 96-1285(RCL).
United States District Court, District of Columbia.
May 21, 2003.
Keith M Harper, Native American Rights Fund, Washington DC, Dennis Marc Gingold, Washington, DC, Elliott H Levitas, Kilpatrick Stockton, LLP, Washington, DC, for Elouise Pepion Cobell, Earl Old Person, Mildred Cleghorn, Thomas Maulson, James Louis Larose.
Robert D. Luskin, Patton Boggs LLP, Washington, DC, Tom C. Clark, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, DC, Brian L. Ferrell, Andrew *59 M. Eschen, Charles Walter Findlay, III, Sarah D. Himmelhoeh, U.S. Dept. of Justice Enrd, Washington, DC, Sandra Marguerite Schraibman, U.S. Dept. of Justice, Federal Programs Branch, Washington DC, Edith R. Blackwell, Washington, DC, John Charles Cruden, U.S. Dept. of Justice, Environment & Natural Resources Div., Annadale, VA, for Bruce Babbitt, Sec. of the Interior.
Lewis Steven Wiener, Sutherland, Asbill & Brennan, LLP, Washington, DC, Tom C. Clark, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, DC, Brian L. Ferrell, Andrew M. Eschen, U.S. Dept. of Justice Enrd, Washington, DC, Charles Walter Findlay, III, Sarah D. Himmelhoeh, U.S. Dept. of Justice, Environment and Natural Resources, Washington, DC, Sandra Marguerite Schraibman, U.S. Dept. of Justice, Federal Programs Branch, Washington DC, Edith R. Blackwell, Washington, DC, John Charles Cruden, U.S. Dept. of Justice, Environment & Natural Resources Div., Annadale, VA, for Ada E. Deer, Asst. Sec. of the Interior, Indian Affairs.
Lewis Steven Wiener, Sutherland, Asbill & Brennan, LLP, Washington, DC, Tom C. Clark, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, DC, Brian L. Ferrell, Andrew M. Eschen, U.S. Dept. of Justice Enrd, Washington, DC, Charles Walter Findlay, III, Sarah D. Himmelhoeh, U.S. Dept. of Justice, Environment and Natural Resources, Washington, DC, Sandra Marguerite Schraibman, U.S. Dept. of Justice, Federal Programs Branch, Washington DC, John Charles Cruden, U.S. Dept. of Justice, Environment & Natural Resources Div., Annadale, VA, for Robert E. Rubin, Sec. of Treasury.
Charles Walter Findlay, III, U.S. Dept. of Justice, Environment and Natural Resources, Washington, DC, John Charles Cruden, U.S. Dept. of Justice, Environment & Natural Resources Div., Annadale, VA, for Lawrence Summers, Sec. of Treasury.
J. Christopher Kohn, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Brian L. Ferrell, U.S. Dept. of Justice Enrd, Washington, DC, Mark E. Nagle, Robert Craig Lawrence, U.S. Attorney's Office, Washington, DC, Charles Walter Findlay, III, U.S. Dept. of Justice, Environment and Natural Resources, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, John Charles Cruden, U.S. Dept. of Justice, Environment & Natural Resources Div., Annadale, VA, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Kevin Gover, Asst. Sec. of the Interior.
J. Christopher Kohn, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Brian L. Ferrell, U.S. Dept. of Justice Enrd, Washington, DC, Philip Martin Seligman, U.S. Dept. of Justice, Civ. Div., Washington, DC, Mark E. Nagle, Robert Craig Lawrence, U.S. Attorney's Office, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Terry M. Petrie, U.S. Dept. of Justice Enrd, General Lit. Section, Denver, CO, Michael John Quinn, U.S. Dept. of Justice, Civ. Div., Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, *60 Washington, DC, Gino D. Vissiccio, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, Sandra Peavler Spooner, John Warshawsky, David J. Gottesman, Peter Blaze Miller, John J. Siemietkowski, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, John R. Kresse, Timothy E. Curley, U.S. Dept. of Justice, Civ. Div.Commercial Lit. Branch, Washington, DC, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, for Dept. of Interior.
J. Christopher Kohn, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Mark E. Nagle, Robert Craig Lawrence, U.S. Attorney's Office, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, Herbert Lawrence Fenster, McKenna Long & Aldridge, LLP, Washington, DC, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington, DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, John Stemplewicz, U.S. Dept. of Justice, Civ. Div., Washington, DC, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Gale Norton, Sec. of the Interior.
Robert D. Luskin, Patton Boggs LLP, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for John D. Leshy.
Robert D. Luskin, Patton Boggs LLP, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Edward B. Cohen.
Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Elizabeth Wallace Fleming, Trout & Richards, PLLC, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Amalia D. Kessler, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Michael G. Rossetti, Counselor to the Sec, Dept. of Interior.
B. Michael Rah, Manatt, Phelps & Phillips, LLP, Washington, DC, Henry A. Azar, Jr., U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, Seth *61 Brandon Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jonathan Brian New, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Jennifer R. Rivera, U.S. Dept. of Justice, Civ. Div., Washington, DC, David J. Gottesman, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, Tracy Lyle Hilmer, U.S. Dept. of Justice, Civ. Div., Washington, DC, Dodge Wells, U.S. Dept. of Justice, Washington, DC, for Neal McCaleb, Asst. Sec. of the Interior for Indian Affairs.
Lawrence H. Wechsler, Janis, Schuelke & Wechsler, Washington, DC, for Eleni M. Constantine.
Donald Michael Barnes, Porter, Wright, Morris & Arthur, Washington, DC, for Roberta Mclnerney.
David Booth Beers, Shea & Gardner, Washington, DC, for James Regan.
William Aaron, Dobrovir, Sperryville, VA, for Daniel Mazella.
Pamela J. Marple, Manatt, Phelps & Phillips, LLP, Washington, DC, for Randall Lewis.
Timothy Patrick Garren, U.S. Dept. of Justice, Civ. Rights Div., Washington, DC, for U.S.A.
Brian L. Ferrell, U.S. Dept. of Justice Enrd, Washington, DC, Terry M. Petrie, U.S. Dept. of Justice Enrd, Gen. Lit. Section, Denver, CO, Gino D. Vissiccio, U.S. Dept. of Justice, Civ. Div., Washington, DC, John Warshawsky, John J. Siemietkowski, U.S. Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Dept. of the Treasury.
Erik Lloyd Kitchen, Steptoe & Johnson, LLP, Washington, DC, for Ingrid D. Falanga.
Martha Purcell Rogers, Ober, Kaler, Grimes & Shriver, Washington, DC, for Timothy S. Elliott, Deputy Asst. Sol, Dept. of the Interior.
Michael R. Bromwich, Fried, frank, Harris, Shriver & Jacobson, Washington, DC, Amy Berman, Jackson, Trout & Richards, PLLC, Washington, DC, for Edith R. Blackwell, Deputy Associate Sol., Dept. of Interior.
Roger Eric Zuckerman, Zuckerman Spaeder, LLP, Washington, DC, for Robert Lamb.
Kathleen Elizabeth Voelker, Washington, DC, for James Douglas, Chief of Staff, Office of the Special Trustee for American Indians, U.S. Dept. of the Interior.
Stephen M. Byers, Crowell & Moring, LLP, Washington, DC, for Dominic Nessi.
Michael R. Bromwich, Fried, Frank, Harris Shriver & Jacobson, Washington, DC, for M. Sharon Blackwell.
Leslie B. Kiernan, Zuckerman Spaeder, LLP, Washington, DC, for Hilda Manuel.
L. Barrett Boss, Asbill, Moffitt & Boss, Chartered, Washington, DC, for Steven Swanson.
Plato Cacheris, John Francis Hundley, Baker & McKenzie, Washington, DC, Sydney Jean Hoffmann, The Law Offices of Plato Cacheris, Washington, DC, for John Berry.
Barbara Ann Van Gelder, Wiley Rein & Fielding, LLP, Washington, DC, for James A. Eichner.
William Holt Briggs, Jr., Laura C. Zimmitti, Ross, Dixon & Bell, LLP, Washington, DC, for Phillip A. Brooks.
Thomas Edward Wilson, Berliner, Corcoran & Rowe, LLP, Washington, DC, for John S. Most.
Plato Cacheris, John Francis Hundley, Baker & McKenzie, Washington, DC, Sydney Jean Hoffman, The Law Offices of *62 Plato Cacheris, Washington, DC, for Glenn Schumaker.
Mary Lou Soller, Miller & Chevalier, Chartered, Washington, DC, for Chester Mills, Terrance Virden.
Jeffrey David Robinson, Melissa Heitmann McNiven, Baach, Robinson & Lewis, Washington, DC, for Lois J. Schiffer.
Dwight Phillip Bostwick, Melissa Heitmann McNiven, Baach, Robinson & Lewis, Washington, DC, for Anne Shields.
Larry Allen Nathans, Robert W. Biddle, Bennett & Nathans, LLP, Baltimore, MD, for David Shuey.
John Kenneth Zwerling, Zwerling & Kemler, PC, Alexandria, VA, for Terry Steele.
Lisa Bondareff Kemler, Zwerling & Kemler, PC, Alexandria, VA, for Deborah Maddox.
Russell David Duncan, Lisa Ann Freiman Fishberg, Coburn & Schertler, Washington, DC, for John A. Bryson, David Shilton.
E. Lawrence Barcella, Jr., Paul, Hastings, Janofsky & Walker, LLP, Washington, DC, for William G. Myers, III.
David Sidney Krakoff, Alessio D. Evangelista, Beveridge & Diamond, PC, Washington, DC, for Daryl W. White.
Michael D. Goodstein, Resolution Law Group, PC, Washington, DC, for Tom C. Clark, II.
Bradley Stuart Lui, Morrison & Foerster, LLP, McLean, VA, for Sabrina McCarthy.
Stanley M. Brand, Andrew Dewald Herman, Brand & Frulla PC, Washington, DC, for Peter D. Coppelman.
Marshall L. Matz, Olsson, Frank & Weeda, PC, Washington, DC, for Michael B. Jandreau.
D Jacques Smith, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Kenneth Paquin, Kenneth Russell.
Emily M. Yinger, Hogan & Hartson Commercial Practice, McLean, VA, for Accenture LLP.
William Leonard Gardner, Brian Michael, Privor, Morgan, Lewis & BocMus, LLP, Washington, DC, for Willa B. Perlmutter.
Hamilton Phillips Fox, III, Sutherland, Asbill & Brennan, LLP, Washington, DC, for Charles W. Findlay.
Christopher J. Lovrien, Robert Christopher Cook, Jones Day, Washington, DC, for Michael Carr.
Dennis Marc Gingold, Washington, DC, for James Simon.
Robert A. Salerno, Piper Rudnick, LLP, Washington, DC, for Sarah Himmelhoch.
Amy S. Koch, Cameron McKenan, Washington, DC, for Quapaw Tribe of Oklahoma.
Charles Allen Hobbs, Hobbs, Straus, Dean & Walker, Washington, DC, for National Congress of American Indians.
Alan Lee Balaran, Washington, DC, Special Master.
Richard Lee CYS, Davis Wright Tremaine, Washington DC, Jonathan K Tycko, Tycko Zavareei, LLP, Washington, DC, for Dow Jones & Co., Inc.
Christopher B. Mead, London & Mead, Washington, DC, for Kenneth F. Rossman.
Albert Lee Bynum, Gadsden, AL, pro se.
Nathaniel Davis Owens, Sr., Anniston, AL, for Albert Lee Bynum.
Jill Elise Grant, Washington, DC, for Intertribal Monitoring Ass'n for Indian Trust Funds.
*63 Neil James Ruther, Towson MD, for Native American Industrial Distributors, Inc.

MEMORANDUM AND ORDER
LAMBERTH, District Judge.
This matter comes before the Court on defendants' motion for reconsideration of the Court's March 5, 2003 order directing payment to Special Master Alan Balaran [1909-1], which was filed on March 19, 2003. Upon consideration of defendants' motion, plaintiffs' brief in opposition thereto, defendants' reply brief, and the applicable law in this case, the Court finds that defendants' motion should be denied.

I. BACKGROUND
On February 22, 1999, this Court adjudged Interior Secretary Bruce Babbitt, Treasury Secretary Robert Rubin, and Interior Assistant Secretary for Indian Affairs Kevin Gover to be in civil contempt of the Court's discovery orders of November 27, 1996 and May 4, 1998. Two days later, in accordance with Rule 53 of the Federal Rules of Civil Procedure and with the consent of both parties, this Court appointed Alan Balaran to serve as a special master in this litigation. The order of appointment specified that Special Master Balaran "shall be compensated at the prevailing market rate for his services and shall be reimbursed for all expenses incurred in connection with the appointment. The defendants shall bear these costs." Order dated February 24,1999, at 1.
On February 13, 2003, the 108th Congress hastily approved a consolidated appropriations bill for the fiscal year ending September 30, 2003, which the president signed into law on February 20, 2003. Contemporaneous news accounts reported that, owing to the haste with which the bill was passed, few Members realized the implications of the three-thousand-page bill that they were signing into law. David Obey (D-Wis.), the ranking Democratic member of the House Appropriations Committee, was quoted as stating: "Ninety percent of this package has never been debated on the floor before. All of the money that's in the bill is the result of a backroom deal." Jim VandeHei & Juliet Eilperin, Record Appropriations Bill Is Approved, WASH. POST, Feb. 14, 2003, at A5.[1]
Section 132 of the appropriations act provides:
None of the funds in this or any other Act for the Department of the Interior or the Department of Justice can be used to compensate the Special Master and the Special Master-Monitor, and all variations thereto, appointed by the United States District Court for the District of Columbia in the Cobell v. Norton *64 litigation at an annual rate that exceeds 200 percent of the highest Senior Executive Service rate of pay for the Washington-Baltimore locality pay area.
Consolidated Appropriations Resolution, 2003, Pub.L. No. 108-7, 117 Stat. 11 (Feb. 20, 2003). Section 134 of the act provides:
The Secretary of the Interior may use discretionary funds to pay private attorneys fees and costs for employees and former employees of the Department of the Interior reasonably incurred in connection with Cobell v. Norton to the extent that such fees and costs are not paid by the Department of Justice or by private insurance. In no case shall the Secretary make payments under this section that would result in payment of hourly fees in excess of the highest hourly rate approved by the District Court for the District of Columbia for counsel in Cobell v. Norton.

Id.
On March 19, 2003, defendants moved for reconsideration of this Court's March 5, 2003 order directing them to compensate Special Master Balaran in the amount of $38,623.77. Plaintiffs filed their opposition brief on April 2, and defendants submitted a brief in reply on April 14.

II. LEGAL ANALYSIS
"District courts have broad discretion to grant or deny a motion for reconsideration. The court may invoke its discretion and deny such a motion unless it finds an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Cobell v. Norton, 226 F.Supp.2d 175, 177 (D.D.C.2002) (citations omitted). Defendants assert that section 132 of the Consolidated Appropriations Resolution represents an intervening change in controlling law that entitles them to a reconsideration of the Court's order directing them to pay Special Master Balaran for services that he rendered during the month of February 2003. Defendants are incorrect. Section 132 prohibits only the use of "funds in this or any other Act for the Department of the Interior or the Department of Justice" to compensate the Special Master. However, the order appointing the Special Master clearly states that "[t]he defendants [in this action] shall bear" all expenses incurred in connection with the Special Master's appointment. Section 132 places no restriction upon funds appropriated for the use of the Department of the Treasury, a named defendant in the present action. Therefore, if the Department of the Interior refuses to bear the expenses incurred by the Special Master, the Treasury Department will foot the bill for the services rendered by the Special Master.
However, defendants claim that the Treasury Department cannot be ordered to comply with the plain language of the Special Master's appointment order, and advance two arguments in support of this claim. Their first argument, that the words "funds in this or any other Act for the Department of the Interior or the Department of Justice" somehow also includes funds appropriated for the use of the Department of the Treasury, is patently absurd. Section 132 makes no mention of Treasury Department funds, and the Court will not read into an act of Congress words that are not there.[2] Defendants' *65 second argument is that 31 U.S.C. § 1301(a) relieves the Treasury Department from complying with the compensation provision of the Special Master's appointment order. That statute provides that "[appropriations shall be applied only to the objects for which the appropriations were made except as otherwise provided by law." However, the March 5, 2003 order does not order any earmarked funds to be applied to an object other than that for which the appropriations were earmarked. It simply orders "the defendants" to comply with the compensation provision of the appointment order. Presumably, either the Interior defendants or Treasury defendants have been complying with the Court's monthly orders to compensate the Special Master by drawing on general funds appropriated to them by Congress. The March 5 order simply directs them to continue this practice. If Interior refuses to comply with these monthly orders, then the Treasury Department must comply, pursuant to the February 24, 1999 appointment order directing "the defendants" to bear the costs incurred by the Special Master.
Defendants have failed to demonstrate that any intervening change in controlling law mandates reconsideration of the March 5, 2003 order issued by this Court. Accordingly, the Court will deny defendants' motion for reconsideration of the Court's order directing payment to the Special Master.

III. CONCLUSION
Congress's extraordinary actions merit a few additional words. This Court knows of no previous Congress that has ever intervened in a specific pending civil action to reduce the compensation rate for judicial officials below the market rate set by the Court. For the legislative branch to interfere with an ongoing case by attempting to preclude a court from ordering compensation rates for its special masters appears to be wholly without precedent. And to do so in this case, in which the special master is being compensated at an hourly rate far below the market rate typically awarded to attorneys with his level of experience by the D.C. Circuit, is totally uncalled for.[3] It is only because the issue has been fully resolved on statutory grounds that it will not be necessary to reach the grave constitutional issues raised by the congressional action at issue here.[4]
*66 However, if Congress decides to include similar provisions in its appropriations act for the coming fiscal year, the Court believes that Congress should have all available information at its disposal. Therefore, the Court will order the United States to provide the Court with a complete statement of all discretionary funds that defendants have used to pay private attorneys to represent their employees and former employees in this litigation.[5]
The appropriations provisions at issue in this matter appear to represent yet another attempt by defendants to evade the rule of law by any means available to them, no matter how duplicitous or underhanded. They also serve to demonstrate defendants' manifest hypocrisy. For seven years, in response to any ruling with even an attenuated effect on the operations of the Interior Department, defendants have indignantly charged that the Court was undermining the constitutional separation of powers. This purported indignation stands in marked contrast to the alacrity with which defendants utilized the power of the executive branch to apparently persuade the legislative branch to undermine the effect of judicial orders. But this only scratches the surface of defendants' profound hypocrisy. For in addition to drafting a provision that would restrict the ability of judicial officials to receive compensation, defendants were simultaneously ensuring that their own attorneys would be fully funded at taxpayer expense. Defendants thus have no problem with spending the taxpayers' money, as long as it benefits them. But when ordered to compensate judicial officers whose appointment was necessitated by their own misconduct, defendants suddenly become born-again fiscal conservatives.
Accordingly, it is hereby
*67 ORDERED that defendants' motion for reconsideration of the Court's March 5, 2003 order directing payment to Special Master Balaran [1909-1] be, and hereby is, DENIED. It is further
ORDERED that within thirty (30) days of the date of this memorandum and order, the United States shall file a written statement with this Court listing all funds that defendants have used to pay private attorneys for fees and costs incurred in connection with the present litigation for representing employees or former employees of the Department of the Interior. Such written statement shall include both the hourly rates of each of the above-mentioned attorneys, and the total number of hours that each of the above-mentioned attorneys has billed to date.
SO ORDERED.
NOTES
[1] The article observed that "few members knew exactly what was in the bill." Id.; see also Alan Fram, Lawmakers Shovel Billions on Newest Spending Measure, HOUSTON CHRON., Feb. 14, 2002 ("By votes of 338-83 in the House and 76-20 in the Senate, lawmakers approved a package financing every agency but the Pentagon for the last twothirds of the federal budget year. Its scope was underlined by its sheer size: The papers stacked more than 13 inches high, weighed 32 pounds and exceeded 3,000 pages, inviting opponents to use it as a prop to argue that few knew exactly what was in it."); Profile: Congress Passes Catch-All Spending Package, NPR MORNING EDITION, Feb. 14, 2003, available at 2003 WL 4856228 (reporting that "by far the broadest criticism heard on the House floor was that, after all these months of negotiating, no one knew just what was in the 32 pounds of paper. The Appropriations Committee had worked through the previous night and turned in the compromise bill just before dawn, leaving only hours for lawmakers to read through its more than 3,000 pages before voting. Even Appropriations Chairman [Bill] Young admitted he didn't know all of the bill's parts ... ").
[2] Accordingly, the Court also wholly rejects defendants' argument that the words "[n]one of the funds in this or any other Act for the Department of the Interior or the Department of Justice can be used to compensate the Special Master" somehow also "requires the inclusion of compensation paid not only to the Special Master but also to employees, contractors and consultants he retains to perform services that he could be expected to perform himself when calculating the maximum compensation Defendants may pay for a specified period." Mot. to Reconsider at 5. This expansive reading of the appropriations provision is totally unsupported by the statutory language, which only establishes an upper limit for compensation to "the Special Master," and serves only as a demonstration of the continuing mean-spiritedness of defendants towards the judicial officials appointed by the Court in this case.
[3] In Laffey v. Northwest Airlines, 746 F.2d 4 (D.C.Cir.1984), the D.C. Circuit devised a matrix that established a standard hourly rate for attorneys in the Baltimore-Washington area for the year 1982. Since that time, the D.C. Circuit has explained that updated versions of the matrix, which adjust the rates annually for inflation, may be relied on as evidence of the prevailing market rate for attorneys in the community. Covington v. District of Columbia, 57 F.3d 1101, 1109 (D.C.Cir.1995). As an attorney with over eleven years of experience, the special master would be entitled to an hourly rate of $325. However, he has been billing at a rate of only $200 per hour. It should be noted that the Court has not increased this rate since February of 1999, when the special master was appointed, and that defendants have never objected to this Court that this figure represents an unreasonable hourly rate for the services performed by the special master.
[4] The appropriations provision at issue attempts to undermine the finality of an order issued by the judicial branch, which may constitute an unwarranted invasion of the authority vested in the federal courts by Article III of the U.S. Constitution. See Plaut v. Spendthrift Farm, 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (striking down a congressional statute that reopened the final judgments of Article III courts); Hayburn's Case, 2 U.S. 408, 2 Dall. 409, 1 L.Ed. 436 (1792) (rejecting the notion that an executive branch official could revise or modify the final judgment of an Article III court); see also Chicago & Southern Air Lines v. Waterman S.S. Corp., 333 U.S. 103, 113, 68 S.Ct. 431, 92 L.Ed. 568 (1948) ("Judgments, within the powers vested in courts by the Judiciary Article of the Constitution, may not lawfully be revised, overturned or refused faith and credit by another Department of Government."); Gordon v. United States, 117 U.S. Appx. 697, 700-704 (1864) (opinion of Taney, C.J.) (stating that the judgments of Article III courts are "final and conclusive upon the rights of the parties").

The Court is mindful of the D.C. Circuit's holding that appropriations measures limiting a court's authority to award attorneys' fees should be narrowly construed to limit only the court's ability to award fees from the appropriations for that particular fiscal year. See Calloway v. District of Columbia, 216 F.3d 1 (D.C.Cir.2000). Under the D.C. Circuit's holding in Calloway, such a statutory cap on attorneys' fees does not limit a court's authority to award such fees, even though the statutory cap may limit a defendant's ability to pay the full amount of the fees awarded in a given fiscal year as long as the fee cap remains on the books. Id.; see also Blackman v. District of Columbia, 145 F.Supp.2d 47, 50 (D.D.C. 2001). Instead, the court may award such fees, and the judgment will simply remain outstanding until the legislature makes an appropriation to satisfy the judgment. However, whether the holding in Calloway will permit the Court to avoid the constitutional problem discussed above may depend on whether the Special Master would be amenable to accepting an arrangement by which defendants are permitted to comply less than fully with an outstanding order of the Court. In any event, these questions need not be decided today in light of the determination made here that appropriations to the Treasury Department are available to satisfy the Court's order.
[5] It does not appear to the Court that any privileged information will be divulged by revealing the hourly rates of these attorneys and the total number of hours that they have billed.