**Elouise Pepion COBELL, et al., Plaintiffs,**

v.

**Gale A. NORTON, Secretary of the Interior, et al., Defendants.**

**Civ.A. No. 96–1285(RCL).**

United States District Court, District of Columbia.

Sept. 17, 2002.

Keith M. Harper, Lorna K. Babby, Native American Rights Fund, Dennis Marc Gingold, Elliott H. Levitas, Kilpatrick Stockton, LLP, Washington, DC, for plaintiffs.

Robert D. Luskin, Patton Boggs LLP, Tom C. Clark, Brian L. Ferrell, Andrew M. Eschen, Charles Walter Findlay, III, Sarah D. Himmelhoch, Sandra Marguerite Schraibman, U.S. Dept. of Justice, Edith R. Blackwell, Washington, DC, John Charles Cruden, U.S. Dept. of Justice, ENR Division, Annandale, VA, Lewis Steven Wiener, Sutherland, Asbill & Brennan, LLP, Mark E. Nagle, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Attorney's Office, J. Christopher Kohn, Jo-Ann Shyloski, Barry Weiner, Henry A. Azar, Jr., U.S. Dept. of Justice, Washington, DC, Terry M. Petrie, U.S. Dept. of Justice, Denver, CO, Seth Brandon Shapiro, Jonathan Brian New, Jennifer R. Rivera, Sandra Peavler Spooner, David J. Gottesman, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, Amalia D. Kessler, John S. Most, Michael John Quinn, John J. Siemietkowski, Tracy Lyle Hilmer, Dodge Wells, U.S. Dept. of Justice, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on plaintiffs' Motion to Renew Plaintiffs' Motion For Order To Show Cause Why Defendants and Their Employees and Counsel Should Not Be Held in Contempt And For Sanctions For Violating The Anti–Retaliation Order (August 15, 2000), filed on May 9, 2002. Upon consideration of the memoranda filed in support of and in opposition to the motion, the record in this case, and the applicable law, the Court finds that the motion should be GRANTED. The Court will order Gale Norton, Secretary of the Interior, and Neal McCaleb, Assistant Secretary of Interior, to show cause why they should not be held in civil contempt of court for violating this Court's Order of May 21, 1999, (prohibiting retaliation against Interior Department employees for providing testimony or information in this case) by retaliating against Mona Infield, an Interior Department employee, after she provided affidavits to this Court on March 7, 2000, and thereafter.

## I. BACKGROUND

On August 15, 2000, the plaintiffs filed a motion for order to show cause based on the defendants' alleged violation of this Court's anti-retaliation order of May 21, 1999. Specifically, the plaintiffs claimed that the Interior defendants violated the anti-retaliation order by retaliating against BIA employee Mona Infield ("Infield") after she provided affidavits to this Court beginning in March of 2000. In response to this motion, the defendants argued that even if they had violated this Court's May 21, 1999 order by retaliating against Infield, the Court should nevertheless decline to issue an order to show cause because the defendants had offered to compensate fully Infield and because there was no

need for Court action to ensure Interior's compliance with the order.

The Court subsequently denied the plaintiffs' motion for order to show cause. In particular, the Court found that "[e]ven assuming that the defendants retaliated against Infield in violation of the anti-retaliation order, the Court is satisfied that the defendants have now brought themselves into compliance with the order and that they have adequately compensated the plaintiffs." Order of March 29, 2002 at 4. That is, the Court recognized that the dual purposes of civil contempt proceedings (as they relate to violating Court orders) are to enforce compliance with a court order and to compensate for losses caused by the noncompliance. *Id.* In the instant matter, the Court found that the defendants had offered Infield a permanent position in Albuquerque at the appropriate grade and agreed to pay her reasonable attorneys' fees. *Id.* at 5 n. 2.

The plaintiffs argue in their motion to renew that two assumptions made by the Court in its March 29, 2002 Memorandum and Order denying their motion for order to show cause are incorrect. First, the plaintiffs contend that an offer of a permanent position for Infield was not currently (or ever) available at the time the Court denied the plaintiffs' motion for order to show cause. Specifically, plaintiffs contend that the Department failed to provide Infield with any assurance that the position she was being offered would not be eliminated after the execution of the settlement agreement. Second the plaintiffs argue that no offer of reasonable expenses, including attorneys' fees, arising out of defendants' contumacious conduct had ever been made to the plaintiffs. In light of the plaintiffs' motion and the defendants' response that the offers to Infield were still available, the Court ordered the defendants to make a separate filing that specifically listed which offer or offers to Infield

were still open. The defendants submitted such a filing on June 20, 2002. The Court will take the defendants' June 20, 2002 filing into account when addressing both of the plaintiffs' contentions.

## II. DISCUSSION

The Court will treat the plaintiffs' motion to renew as a motion for reconsideration, as it seeks this Court to do just that with respect to its Memorandum and Order denying plaintiffs' motion for order to show cause. District courts have broad discretion to grant or deny a motion for reconsideration. *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 233–34, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995); *see also Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). The court may invoke its discretion and deny such a motion unless it finds an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. *McDonnell Douglas Corp. v. NASA,* 109 F.Supp.2d 27, 28 (D.D.C.2000); *see also Firestone v. Firestone,* 76 F.3d 1205, 1206 (D.C.Cir.1996); *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir.1997).

The Court finds that the settlement offer made to Infield on May 1, 2002, is insufficient to obviate the need for an order to show cause in this matter. Although the settlement offer explicitly states that "DOI agrees to assign Ms. Infield to the permanent position of Supervisory Computer Specialist, Division of Information Resources Management, Bureau of Indian Affairs[,]" it provides Infield (and this Court) with absolutely no assurance that the "permanent" position she would be filling will not shortly thereafter be eliminated. May 1, 2002 Settlement Offer at 2, ¶ 3a. In fact, the settlement agreement actually provides that the position

"may be outsourced or otherwise contracted to non-Federal entities at some time in the future." May 1, 2002 Settlement Offer at 4, ¶ 10. It goes on to state that the position "is subject to transfer of function" and that "the position ... may be transferred to an office, Bureau, or agency outside of the Bureau of Indian Affairs." May 1, 2002 Settlement Offer at 4, ¶ 8, 9. The Court finds that an offer of a "permanent" position is illusory if the employer, in this case Interior, cannot represent that it currently does not have plans to eliminate the position. The fact that Interior still refuses to make such a representation while a motion for order to show cause is pending is both telling and disturbing. The Court thus finds that a critical assumption underlying its previous order in this matter was not correct.

The Court further finds that the defendants have not offered to compensate plaintiffs for expenses, including reasonable attorneys' fees, that they may have incurred as a result of the alleged contumacious conduct by the Interior defendants. The May 1, 2002 settlement agreement specifically states that:

> DOI agrees to pay for reasonable out-of-pocket costs and any overtime pay, incentive awards, and step increases to which Ms. Infield was entitled and did not receive as a result of alleged retaliation included within her complaint filed with the Office of Special Counsel, OSC File No. MA–00–1024. DOI also agrees to pay to Ms. Infield reasonable attorney's fees with respect to: 1) Ms. Infield's representation in the above referenced complaint; and 2) the fee arbitration proceeding referenced in Paragraphs 5 and 6.

May 1, 2002 Settlement Offer at 2, ¶ 4. Thus, while the Interior defendants have offered to pay Infield expenses and attorneys' fees, they have not made any such offer to plaintiffs in this action. Indeed, the defendants admit as much in their response to the plaintiffs' motion to renew. Defs.' Opposition [1306] at 2 (recognizing that "the settlement offers transmitted by defendants directly prior to the Court's March 29, 2002 ruling did not call for the payment of attorney fees to the *Cobell* Plaintiff class[.]"). To obviate the need for an order to show cause, the defendants clearly must compensate both Infield and the class plaintiffs for the expenses incurred as a result of the alleged contumacious conduct.

## III. CONCLUSION

For the foregoing reasons, the Court finds that two critical assumptions underlying its March 29, 2002 Memorandum and Order were not correct. As such, the Court will vacate that order and grant the plaintiffs' request for the issuance of an order to show cause. In accordance with these findings, it is hereby

ORDERED that plaintiffs' Motion to Renew Plaintiffs' Motion For Order To Show Cause Why Defendants and Their Employees and Counsel Should Not Be Held in Contempt And For Sanctions For Violating The Anti–Retaliation Order [1295] is GRANTED. It is further

ORDERED that this Court's March 29, 2002 Memorandum and Order denying the plaintiffs' motion for order to show cause is vacated. It is further

ORDERED that Gale Norton, Secretary of the Interior, and Neal McCaleb, Assistant Secretary of Interior, show cause why they should not be held in civil contempt of court for violating this Court's Order of May 21, 1999, (prohibiting retaliation against Interior Department employees for providing testimony or information in this case) by retaliating against Mona Infield, an Interior Department employee, after she provided affidavits to this Court on March 7, 2000, and thereafter.

The civil contempt trial will begin at 10:00 a.m. on December 18, 2002. The Court will schedule and conduct a hearing prior to that date to ascertain the need for and identity of any witnesses who may be summoned to testify at the contempt trial.

SO ORDERED.