Marcus **BYNUM**, et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA**, Defendant.

No. CIV.A. 02–956(RCL).

United States District Court,
District of Columbia.

Aug. 11, 2003.

See also 214 F.R.D. 27.

---

**44**

William Charles Claiborne, III, Washington, DC, Barrett S. Litt, Paul J. Estuar, Los Angeles, CA, for plaintiffs.

Maria Claudia Amato, Office of Corporation Counsel, D.C., Leonard Harry Becker, Office of Corporation Counsel, D.C., Washington, DC, for defendant.

### MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before this Court on plaintiffs' second motion for class certification [83], which was filed on May 5, 2003; plaintiffs' motion for leave to amend second amended complaint and to file a third amended complaint [72], which was filed on April 17, 2003; plaintiff's motion to compel [87], which was filed on May 20, 2003; plaintiff's consent motion to amend second motion for certification of the strip search class by adding resumes of Barrett Litt and Paul Estuar[92], which was filed on July 31, 2003; defendant's motion for reconsideration [71] of this Court's prior order [69] certifying the "overdetention" class, which was filed on April 10, 2003; defendant's motion for a protective order [75], which was filed on April 22, 2003; and defendant's motion to extend time [89], which was filed on May 28, 2003.

Upon consideration of the parties' motions, the opposition and reply briefs filed thereto, and the applicable law in this case, the Court finds that plaintiffs' second motion for class certification [83], motion for leave to file third amended complaint [72] and consent motion to amend second motion for certification of the strip search class [92], as well as defendant's motion to extend time [89] should be GRANTED, and all other pending motions should be DENIED.

### I. BACKGROUND

This action arises under section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs are persons who have been, are, or will be strip searched by the District of Columbia Department of Corrections upon their return from a court appearance which

entitled them to release. They seek monetary damages and injunctive relief for defendant's alleged violation of the Fourth and Fifth Amendments to the U.S. Constitution.

This Court has already certified a class of overdetained persons and previously denied plaintiffs' motion to certify a class of strip-searched persons due to lack of demonstrated numerosity of persons who had been both overdetained and strip searched. According to their third amended complaint, plaintiffs have dropped the overdetained element from their class and now seek to certify a class defined as court returns entitled to release who were strip-searched without regard to whether they were also overdetained. The alleged injury inflicted by defendant against the putative class consists of subjecting the members to strip searches after the members were returned to a Department of Corrections facility following a judicial determination that there was no longer any basis for the members' detention, apart from processing for release from custody.

Plaintiffs filed their second motion for class certification on May 5, 2003. Defendant filed a memorandum in opposition thereto on May 28, 2003.

## II. PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION

In its prior opinion granting class certification for overdetained persons, this Court delineated the requirements for class certification under Fed.R.Civ.P. 23. *Bynum v. District of Columbia*, 214 F.R.D. 27 (D.D.C. 2003). Specifically, it noted that "the party requesting class certification under Rule 23 bears the burden of showing the existence of a class, that all the prerequisites of Rule 23(a) are satisfied and the class falls within one of the categories of Rule 23(b)." *Id.* at 30–31 (citations omitted).

First, plaintiff must show the existence of a class. *Bynum*, 214 F.R.D. at 31. Second, plaintiff must satisfy the requirements of Rule 23(a), which limits the certification of classes to cases in which

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the

class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately represent the interests of the class.

*Id.* Third, plaintiff must demonstrate that one of the relevant provisions of Rule 23(b) have been satisfied. *Id.*

In the instant case, plaintiffs contend that the proposed class satisfies subsections (b)(2) and (b)(3) of Rule 23. Rule 23(b)(2) requires a showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Id.* Rule 23(b)(3) requires the Court to find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.*

This Court shall consider each requirement in turn.

### A. *Existence of a Class*

As this Court has previously noted, "[i]t is axiomatic that for a class action to be certified a 'class' must exist." *Bynum*, 214 F.R.D. at 31 (citations omitted). Under this requirement, the class must be defined so that it is "administratively feasible for the court to determine whether a particular individual is a member." *Id.* (citations omitted). Plaintiffs' proposed class definition for the strip search class is as follows:

Each person who, in the three years preceding the filing of this action, up until the date this case is terminated, has been, is or will be: (i) in the custody of the Department of Corrections; (ii) taken to court from a Department of Corrections facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sen-

tenced to time served, was acquitted or was otherwise entitled to release; (iv) was not the subject of any other pending case or cases which imposed any condition of release other than personal recognizance; (v) was not the subject of any detainer or warrant; (vi) was returned to the DC Jail or CTF from court, to be processed out of Department of Corrections custody; and (vii) was subjected to a strip search and/or visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was overdetained.

Pls'. Second Mot. for Certif. at 15–16. In short, plaintiffs have defined the class as consisting of persons who were strip searched as part of their out-processing from Department of Corrections custody. As with the overdetention class, this Court is satisfied that "an individual would be able to determine, simply by reading the definition, whether he or she is a member of the proposed class." *Bynum*, 214 F.R.D. at 32.

## B. *Prerequisites of a Class Action under Rule 23(a)*

### 1. *Impracticability of Joinder*

As this Court noted in its prior opinion in this case, Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." *Bynum*, 214 F.R.D. at 32 (citations omitted). A court must evaluate the facts of the case to make common sense assumptions about whether the class as proposed is likely to be large enough to make joinder of all parties impracticable. *Id.* This element does not require plaintiffs to provide the exact number of potential class members; rather, they need only provide a reasonable basis for their estimate of the putative class size. *Id.*

Plaintiffs rely upon affidavits from 35 individual court returns stating that they were strip searched after they became entitled to release. They also provide affidavits from several persons who have knowledge of the number of court returns on given occasions. One such affidavit, that of a former employee of the District of Columbia Department of Corrections Records Office, estimates that there were approximately 100 court returns per weekday except Friday, which typically had about 200 court returns. Of these total numbers of court returns, at least one to five per day had become entitled to release by virtue of their appearance, sometimes reaching as many as fifteen on one day. At minimum, these estimates create a class of at least one putative class member per weekday during the three years preceding this action, for a total of approximately 260 per year, or 780 for three years. The more realistic estimate of five per day would bring the putative class to 1,300 per year, or 3,900 for three years.

Defendant does not dispute that plaintiffs have satisfied the numerosity requirement. Upon consideration of plaintiffs' affidavits, this Court finds it plausible that at least one inmate per day was a court return entitled to release. On that basis, plaintiffs have satisfied numerosity, for a minimum of 780 putative class members would be impracticable to join individually.

### 2. *Commonality*

The commonality requirement of Rule 23(a)(2) states that there must be "questions of law or fact common to the class." As acknowledged in this Court's previous opinion, however, it is not necessary that every issue of law or fact be the same for each class member. Rather, factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members. *Bynum*, 214 F.R.D. at 32.

Defendant claims that plaintiffs have failed to satisfy the commonality requirement because each member of the putative class will present a claim rooted in the particular circumstances of his or her court return. Given that a "single factual dissimilarity does not suffice to defeat the commonality requirement," this Court is unpersuaded by defendant's argument. *Bynum*, 214 F.R.D. at 33. Moreover, "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained

by the class members, only that the harm complained of be common to the class, and that the named plaintiff demonstrate a personal interest or threat of injury that is real and immediate, not conjectural or hypothetical." *Id.* at 34.

Regardless of the potential variation of individual circumstances of each inmate's court return, the challenged activity—strip searching—is common to all putative class members. The question of whether defendant's policy of strip searching violates the Constitution raises questions of law and fact that are common to the class. When the cause of action arises out of a course of conduct that affects a group of persons, one or more elements of the cause of action will be common to the entire group. *Bynum,* 214 F.R.D. at 34 (quoting ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 3.10 (4th ed.2002)). In this case, as with the overdetention class, the question of causation will be the same for all plaintiffs, because it is the same course of conduct that allegedly injured each plaintiff. Therefore, plaintiffs have satisfied the commonality requirement of Rule 23(a).

### 3. *Typicality*

The typicality element requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). As this Court has previously explained, the typicality requirement focuses on whether the *representatives* of the class suffered a similar injury from the same course of conduct as the injury alleged for the entire class. *Bynum,* 214 F.R.D. at 35. Particularly relevant to this case is this Court's prior statement that "[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to a claim of another class member's where his or her claims are based on the same legal theory." *Bynum,* 214 F.R.D. at 35 (quoting *Stewart v. Rubin,* 948 F.Supp. 1077, 1088 (D.D.C.1996), *aff'd,* 124 F.3d 1309 (D.C.Cir.1997)). Notably, factual variations between the claims of class representatives and the claims of other class members do not negate typicality. *Bynum,* 214 F.R.D. at 35.

Plaintiffs have submitted brief descriptions of the circumstances under which the named plaintiffs were subjected to strip searches. Each was subjected to a strip search without any individualized finding of reasonable suspicion and after he or she had become entitled to release by virtue of a court appearance. Therefore, all named plaintiffs and putative class members advance the same legal theory based on the same set of facts, namely, that their constitutional rights were violated by being subjected to a strip-search after they were entitled to release, and without individualized finding of suspicion. Defendant does not dispute that plaintiffs have met the typicality requirement. This Court is satisfied that the claims of the named plaintiffs are typical of those of the class as a whole, and that plaintiffs have therefore satisfied the mandate of Rule 23(a)(3).

### 4. *Adequacy of Representation*

Rule 23(a)(4) requires plaintiffs to demonstrate that "the representative parties will fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). As this Court stated in its previous opinion, adequacy requires that "(1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Bynum,* 214 F.R.D. at 35 (citing *Twelve John Does v. District of Columbia,* 117 F.3d 571, 575 (D.C.Cir.1997) (citing *Nat'l Ass'n of Regional Medical Programs, Inc. v. Mathews,* 551 F.2d 340, 345 (D.C.Cir.1976)) (internal citation omitted)).

Here, there is no conflict of interest between the named plaintiffs and the proposed class. Two of plaintiffs' counsel were found by this Court to be competent to represent the overdetention class; their qualifications also suffice to meet the adequacy requirement for this class. The other two counsel, whose resumes were submitted by plaintiff in its motion to amend second motion for certification of the strip search class, were admitted *pro haec vice* after plaintiff filed its first motion for class certification. Accordingly, their qualifications were not considered in

this Court's prior opinion certifying the over-detention class. One of the *pro haec vice* attorneys has extensive civil rights litigation experience spanning many years and is currently a principal in a law firm specializing in complex civil rights litigation. The other is an associate in the same firm, and while he has more recently graduated from law school, he has specialized in civil litigation for at least the past nine years, and currently practices in the area of civil rights and public service law litigation.

This Court determines that plaintiffs have satisfied the fourth and final prong of Rule 23(a).

### C. *Maintenance of a Class Action under Rule 23(b)*

■ In order for the action to be maintained as a class action, once the four requirements of Rule 23(a) have been met, a court must determine whether one or more of the requirements of Rule 23(b) has been satisfied. Plaintiffs seek certification as a "hybrid" Rule 23(b)(2) and (b)(3) class. This Circuit has previously held that such a hybrid class may be certified at the court's discretion, as long as the requirements of both provisions are met. *Eubanks v. Billington*, 110 F.3d 87, 96 (D.C.Cir.1997). This Court will examine whether plaintiffs have satisfied the requirements of either subsection.

### 1. *Appropriateness of Equitable Relief*

Rule 23(b)(2) provides for class certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). This Court has previously interpreted this provision as imposing two requirements: (1) that defendant's actions or refusal to act are "generally applicable to the class" and (2) that plaintiffs seek final injunctive relief or corresponding declaratory relief on behalf of the class. *Bynum*, 214 F.R.D. at 37. This Court will examine these requirements separately.

■ Plaintiffs contend that, because their complaint challenges defendant's blanket policy and practice of subjecting all court returns entitled to release by virtue of their court appearances to strip searches, this is a case in which defendant's actions are "generally applicable to the class." As this Court has previously noted, "it is enough to show that a defendant has acted in a consistent manner toward members of the class so that his actions may be viewed as part of a pattern of activity." *Bynum*, 214 F.R.D. at 37 (citations omitted). Defendant does not dispute that plaintiff has met this requirement. This Court is satisfied that defendant's policy and practice of strip searching court returns after they have been ordered released constitutes conduct that is generally applicable to the members of the class.

The remaining requirement of Rule 23(b)(2) is that plaintiffs must be seeking final injunctive relief or corresponding declaratory relief. Given that plaintiffs' third amended complaint seeks declaratory and preliminary and permanent injunctive relief against defendant, this requirement has been met. Again, defendant does not dispute that plaintiff has satisfied this requirement.

Accordingly, since this Court has determined that plaintiffs meet the requirements of Rule 23(b)(2), it will now consider whether they meet the requirements of Rule 23(b)(3).

### 2. *Predominance of Common Questions of Law or Fact*

Rule 23(b)(3) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). This Court has previously held that the requirements of this subsection may be divided into two separate requirements: "(1) that factual and legal questions common to the class members predominate over any such questions affecting only individual class members, and (2) that maintaining the action as a class action will be superior to other available methods of adjudication." *Bynum*, 214

F.R.D. at 39. The Court will examine these two requirements separately.

The first requirement, that common factual and legal issues predominate over any such issues that affect only individual class members, is related to the commonality requirement of Rule 23(a). That is, the issues which this Court has already determined to be common to all members of the class must predominate over any non-common issues. *Bynum*, 214 F.R.D. at 39. Where a case involves other factual and legal issues that may have to be tried separately, that does not prevent certifying the class under Rule 23(b)(3). *Id.*

In this case, the question whether defendant has subjected persons entitled to release to suspicionless strip searches before releasing them is a question of fact that is common to all class members. Similarly, whether these searches violate the Fourth and Fifth Amendments to the Constitution is a question of law that is common to all class members. Just as in the overdetention class in this case, "resolution of these two questions, which are common to all of the class members' claims, would dispose of the issue of whether defendant is liable to plaintiffs in this action." *Bynum*, 214 F.R.D. at 39. Defendant has provided this Court with no arguments that individualized issues of fact or law predominate over the common questions. This Court is satisfied that plaintiffs have shown that factual and legal issues that are common to the class members predominate over any such issues that affect only individual class members.

The second requirement of Rule 23(b)(3) is superiority. Under this requirement, maintaining the present action as a class action must be deemed by the court to be superior to other available methods of adjudication. A case will often meet this standard when "common questions of law or fact permit the court to consolidate otherwise identical actions into a single efficient unit." *Bynum*, 214 F.R.D. at 40 (citations omitted). As with the overdetained plaintiffs, the individual claims of many of the putative strip search class members are so small that it would not be economically efficient for them to maintain individual suits. In such cases, it has

often been held that class certification is appropriate. *Id.*

Defendant argues that plaintiffs have not met the superiority requirement. The basis of its argument appears to be that plaintiffs must show that a trial on the merits of the named plaintiffs' claims prior to certifying a class would be inferior to a class action. Defendant's argument is unpersuasive because it fails to acknowledge that trying plaintiffs' claims individually may lead to a waste of judicial resources if, as plaintiffs suggest, the lack of an organizational plaintiff may lead to a refiling of the case with new plaintiffs should the named plaintiffs' claims become moot. Such a possibility makes trials of the named plaintiffs' claims inferior to class treatment.

This Court has already determined that the size of the putative class makes joinder of individual parties impracticable; it has also determined that the economic stake of each putative plaintiff is too small to suggest that individual suits would be brought. These two factors—impracticability of joinder and the unlikelihood of individual suits—and the purpose of judicial economy noted above all point toward the superiority of class treatment for these claims. Under these circumstances, this Court finds that plaintiffs have met their burden of showing that class treatment is superior.

Defendant's final argument against class certification is that the putative class will be unmanageable. Rule 23(b)(3)(D) states that "the difficulties likely to be encountered in the management of a class action" are pertinent to the determination of superiority. Fed.R.Civ.P. 23(b)(3)(D). Specifically, defendant asserts that it will be infeasible to identify putative class members because the only way to do so will be a manual search through separate lists generated by the Superior Court and Department of Corrections' computer systems.

Plaintiffs respond, and defendant does not dispute, that their computer expert—the same expert who will be able to generate a list of overdetained class members—will be able to generate a list of putative strip search class members. Defendant offers no reason-

able argument that plaintiffs will be unable to generate a list of putative class members or that doing so will be unmanageable.

Indeed, the strategy that plaintiffs suggested to identify the overdetention class suggests a potential model for this class as well. In the overdetention class, plaintiffs intend to compare records of inmates' scheduled release date and actual release date. Here, plaintiffs could compare court appearance dates with release dates to find those plaintiffs who would have been strip searched during out-processing. This Court is satisfied that there are no formidable difficulties that are likely to be encountered in the management of this action if it is maintained as a class. As this Court found in its certification of the overdetention class, the present forum is also appropriate for the strip search class because of the identity of the defendant. *Bynum,* 214 F.R.D. at 41.

This Court will therefore certify the strip search class as a hybrid (b)(2)/(b)(3) class action, a form expressly authorized by the D.C. Circuit in *Eubanks,* 110 F.3d at 96. As with the overdetention class, this Court will certify a(b)(2) class with respect to the plaintiffs' claims for injunctive and declaratory relief, and a(b)(3) class with respect to their claims for monetary damages. All of the class members with damages claims against defendant will thus be afforded all of the due process protections afforded to members of a(b)(3) class, including notice and opt-out rights. The maintenance of this action as a hybrid class action will provide a just and efficient forum for the resolution of all of the claims asserted.

## III. DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant requests that this Court vacate its prior order certifying the overdetention class. Specifically, defendant contends that the phrase "entitled to release" is inextricably bound up with the merits of plaintiffs' cases and therefore that a class of overdetained persons cannot be properly defined until this Court determines what period of time constitutes overdetention. Defendant posits that with the class so imprecisely defined, it would be impossible to determine whether any given plaintiff is a member of the class. Consequently, defendant argues, the order should be vacated and plaintiffs' motion to certify the overdetention class should be denied. Defendant envisions that plaintiffs' claims of overdetention ought to be considered as individual claims, and a class should be certified only after plaintiffs prevail on the merits and overdetention has been sufficiently defined.

■ Defendant makes its motion under Rule 59(e) and under Rule 23. Under either rule, district courts have broad discretion to reconsider or decline to reconsider a class certification order. *Cobell v. Norton,* 226 F.Supp.2d 175, 177 (D.D.C.2002). "The court may invoke its discretion and deny such a motion unless it finds an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Id.* Defendant has failed to direct this Court to any relevant changes in the law since March 31, 2003, proffered any new evidence, or convinced the Court that reconsideration of its order is necessary to correct a clear error or manifest injustice.

To the contrary, this Court finds that its prior holding remains valid: the class definition certified by this Court is sufficiently specific that a putative plaintiff would be able to ascertain whether he or she is a member of the class. Additionally, in certifying the class as persons who were detained after midnight on the day that they were entitled to release, this Court has not determined the merits of plaintiffs' claims. The mere use of terminology such as "overdetention" or "entitled to release" to describe certain circumstances does not rule on whether such overdetention comprises a constitutional tort. For the purposes of defining the class, *some time period* comprising overdetention must be indicated, but doing so does not infringe upon the factfinder's duty to determine *what time period,* if any, is unconstitutional. The lack of certainty regarding an issue of fact or law does not prevent this Court from certifying a class for the purposes of determining that very question.

Accordingly, defendant's motion will be denied.

## IV. DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

■ Defendant has requested a protective order against plaintiffs' notice of deposition. Plaintiffs have withdrawn all but one of the contested requests. The remaining item requests that defendant

> Produce for oral deposition the agent or agents of the District of Columbia most qualified to testify on ... [w]hen, and why, the Department of Corrections began the practice of returning all inmates transported from the DC Jail or the Central Treatment Facility to the Superior Court for a hearing who become entitled to release by virtue of their court appearances back to the DC Jail or other Department of Corrections facility for release.

Pls.' Notice of Deposition at 3. Defendant objects to plaintiffs' request on the basis that it "lacks any witness who can respond" to the request "because it is the United States Marshal, not the District, that instituted the policy in question." Def's. Mot. for Protective Order at 3. Plaintiffs counter in two parts: first, that defendant retains some control over how the Marshal disposes of prisoners; and second, that regardless of defendant's level of control, people employed by defendant probably have some knowledge about why the Marshals changed the policy. Pls' Opp. to Defs. Mot. for Protective Order at 1–2.

■ Federal Rule of Civil Procedure 26(c) provides that, upon a movant's showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Defendant offers no good cause why a protective order should be granted. The basis of defendant's opposition is that none of its agents has knowledge of the requested subject matter. However, as this Court has previously noted, "overwhelming authority indicates that an alleged lack of knowledge is an insufficient ground to prohibit the taking of a deposition." *Kuwait Airways Corp. v. American Sec. Bank, N.A.,* 1987 WL 11994 at *2 (D.D.C.1987) (citing cases). Accordingly, defendant's motion for a protective order will be denied.

## V. PLAINTIFFS' MOTION FOR LEAVE TO FILE

Plaintiffs have requested leave to amend their second amended complaint and to file a third amended complaint in accordance with Federal Rule 15(a). Defendant objects to plaintiffs' request for two reasons. First, defendant assert that plaintiffs are attempting to expand the strip search class in order to circumvent this Court's prior finding that plaintiffs had failed to show numerosity. This point is moot because plaintiffs have moved to certify the strip search class on their new definition, which this Court will grant. Second, defendant argues that it is pointless to grant plaintiffs' motion for leave to amend while another case, *Watkins v. District of Columbia*, civil action no. 02–2352(RCL), remains pending. Thus, defendant argues that plaintiffs' motion for leave to amend should be granted only on condition that plaintiff Watkins dismisses his case.

Federal Rule 15(a) provides that leave to file amended complaints "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This Court fails to see how pending motions in another case have any bearing on plaintiffs' motion for leave to amend their complaint. Defendant directs this Court to no authority for its proposition that leave should be denied unless a plaintiff in another case is willing to dismiss his claim, or that alleged "pointlessless" provides such basis.

## VI. CONCLUSION

This Court has determined that it will be appropriate to certify the present action as a hybrid class action. Plaintiffs have established that the prerequisites for class certification set forth in Rule 23(a) of the Federal Rules of Civil Procedure have been met. Plaintiffs have also established that defendant has acted on grounds generally applicable to the class as a whole, making appropriate final injunctive and corresponding declaratory relief appropriate with respect to the class as a whole. The claims

of the class members for declaratory and injunctive relief will therefore be consolidated for maintenance as a(b)(2) class action. Additionally, the Court finds that questions of law and fact that are common to the class members predominate over any questions that affect only individual members, and that a class action will be a superior method for the fair and efficient adjudication of the class members' claims for monetary relief. Therefore, the collective claims of the class members for damages will be consolidated for maintenance as a (b)(3) class action.

Additionally, this Court finds that defendant's motion for reconsideration of its prior order is without merit. This Court acts well within its discretion in declining to vacate its prior order certifying the overdetention class.

Finally, this Court finds that defendant's motion for a protective order also lacks merit. Plaintiff has withdrawn all of the contested requests except one. This Court finds that defendant has not shown good cause to grant the protective order with regard to the one remaining request.

A separate order consistent with the foregoing opinion shall issue this date.

### ORDER

Upon consideration of Plaintiffs' motion filed May 5, 2003[83], it is hereby

ORDERED that Plaintiffs' Motion (Second) to Certify Strip Search Class [83] is GRANTED. This Court hereby adopts the following definition for the class:

Each person who, in the three years preceding the filing of this action, up until the date this case is terminated, has been, is or will be: (i) in the custody of the Department of Corrections; (ii) taken to court form a Department of Corrections facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or

was otherwise entitled to release; (iv) was not the subject of any other pending case or cases which imposed any condition of release other than personal recognizance; (v) was not the subject of any detainer or warrant; (vi) was returned to the DC Jail or CTF from court, to be processed out of Department of Corrections custody; and (vii) was subjected to a strip search and/or visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was overdetained.

It is further ORDERED that Plaintiffs' Motion for Leave to Amend Second Amended Complaint and To File A Third Amended Class Action Complaint for Money Damages and Injunctive Relief Incorporating Memorandum of Points and Authorities [72] is GRANTED. It is further

ORDERED that Defendant's Motion for Reconsideration of March 31, 2003 Order Certifying "Overdetention" Class [71] is DENIED. It is further

ORDERED that Defendant's Motion for A Protective Order [75] is DENIED. It is DENIED as moot as to paragraphs 1–2 and 4–11 because plaintiffs have withdrawn those paragraphs without prejudice. It is DENIED as to paragraph 3 with prejudice. It is further

ORDERED that Plaintiffs' Motion to Compel [87] is DENIED. Plaintiffs' Motion to Compel Defendant to Show It Has Adequately Staffed This Case is DENIED because plaintiffs have failed to provide this Court with any legal basis for their request. Plaintiffs' Motion to Compel Defendant to File a Responsive Pleading to Plaintiffs' Second Motion to Certify the Strip Search Class, Incorporating Points and Authorities is DENIED as moot as defendants have filed the responsive pleading as of this date. It is further

ORDERED that Defendant's Motion to Extend Time to 5/28/03 to File Opposition to Second Motion of Plaintiffs to Certify Strip Search Class [89] is GRANTED. Plaintiffs

offered no opposition to Defendant's Motion and therefore it is conceded

ORDERED that Plaintiff's Consent Motion to Amend Second Motion for Certification of the Strip Search Class by Adding Resumes of Barrett Litt and Paul Estuar [92], which was filed on July 31, 2003, is GRANTED.

SO ORDERED.

### ORDER

For the reasons set forth in the Court's memorandum opinion issued this date, it is hereby

ORDERED that plaintiffs' non-consent motion for class certification [6–1] be, and hereby is, GRANTED in part and DENIED in part. It is further

ORDERED that plaintiffs' non-consent motion for class certification [6–1] be, and hereby is, GRANTED with respect to the component of plaintiffs' motion relating to the certification of a class in this action. The Court hereby adopts the following two-part class definition: (a) Each person who has been, is, or will be incarcerated in any District of Columbia Department of Corrections facility in the three years preceding the filing of this action up to and until the date this case is terminated; and (b) who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired. It is further

ORDERED that the class defined above be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure as to the claims of the class members for declaratory or injunctive relief, and that the class be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as to the claims of the class members for monetary relief. It is further

ORDERED that Marcus Bynum, Kim Nabinette, Leroy S. Thomas, Dianne Johnson, Gloria Scarborough, and Julian Ford be, and hereby are, certified as the named representatives of the class defined above. It is further

ORDERED that William Claiborne and Lynn Cunningham shall serve as class counsel in this action. It is further

ORDERED that plaintiffs' non-consent motion for class certification [6–1] be, and hereby is, DENIED WITHOUT PREJUDICE with respect to the component of plaintiffs' motion relating to the certification of a subclass of the class defined above. It is further

ORDERED that defendant's motion for further enlargement of time to oppose the strip search component of plaintiffs' motion for class certification [41–2] be, and hereby is, DENIED. It is further

ORDERED that defendant's motion for leave to file a supplemental memorandum in opposition to plaintiffs' motion to certify the "overdetention" class [64–1] be, and hereby is, GRANTED. It is further

ORDERED that within thirty (30) days of the date of this Order, the parties shall file an agreed-upon proposed order regarding class notification procedures; provided, however, that if the parties are unable to reach agreement on the terms of the proposed order, then within thirty (30) days of the date of this Order, plaintiff and defendant shall file separate proposed orders regarding class notification procedures.

SO ORDERED.